IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURELL HARBOUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. 16-546 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION**

Presently pending before this Court is Plaintiff Laurell Harbour's ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), of the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income Benefits (collectively, "Disability Benefits"). Plaintiff argues that the Commissioner's decision was not supported by substantial evidence. For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, Commissioner's Motion for Summary Judgment [ECF No. 13] is GRANTED, Plaintiff's Motion for Summary Judgment [ECF No. 11] is DENIED and the Commissioner's decision is AFFIRMED.

**I. Standard of Review and Applicable Law**

    **A. Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); *Markle v. Barnhart*, 324 F.3d 182, 187 (3d Cir. 2003). Substantial evidence "means such relevant evidence as a reasonable mind might accept as

adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.1995). Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

"[T]he substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). Accordingly, the standard places a significant limit on the district court's scope of review: it prohibits the reviewing court from "weight[ing] the evidence or substitut[ing] its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Therefore, even if this Court would have decided the matter differently, it is bound by the ALJ's findings of fact so long as they are supported by substantial evidence. *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Fargnoli v. Massanari,* 247 F.3d 34, 35 (3d Cir. 2001)).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir.1973).

### B. The Five–Step Disability Test

In order to determine whether a claimant is disabled, the Commissioner must apply a five-step test. 20 C.F.R. § 404.1520(a)(4). First, it must be determined whether the claimant is currently engaging in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as work activity, both physical and mental, that is typically performed for either profit or pay. 20 C.F.R. § 404.1572. If it is found that the claimant is engaged in

substantial gainful activity, then he or she is not disabled and the inquiry ends. *Jones*, 364 F.3d at 503. If it is determined that the claimant is not engaged in substantial gainful activity, the analysis moves on to the second step: whether the claimed impairment or combination of impairments is "severe." 20 C.F.R. § 404.1520(a)(4)(h). The regulations provide that an impairment or combination of impairments is severe only when it places a significant limit on the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the claimed impairment or combination of impairments is not severe, the inquiry ends and benefits must be denied. *Id.; Ortega v. Comm'r of Soc. Sec.*, 232 F. App'x 194, 196 (3d Cir. 2007).

At the third step, the Commissioner must determine whether there is sufficient evidence showing that the claimant suffers from a listed impairment or its equivalent. 20 C.F.R. § 404.1520(a)(4) (iii). If so, a disability is conclusively established and the claimant is entitled to benefits. *Jones*, 364 F.3d at 503. If not, the Commissioner must ask at step four whether the claimant has residual functional capacity ("RFC") such that he is capable of performing past relevant work; if that question is answered in the affirmative, the claim for benefits must be denied. *Id.* Finally, if the claimant is unable to engage in past relevant work, the Commissioner must ask, at step five, "whether work exists in significant numbers in the national economy" that the claimant is capable of performing in light of "his medical impairments, age, education, past work experience, and 'residual functional capacity.' " 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v); *Jones*, 364 F.3d at 503. If so, the claim for benefits must be denied. The claimant bears the burden of establishing steps one through four, while the burden of proof shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

Under 42 U.S.C. § 405(g) and Third Circuit precedent, this Court is permitted to "affirm, modify, or reverse the [Commissioner's] decision with or without a remand to the [Commissioner] for a rehearing." *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir.1984); *Bordes v. Comm'r of Soc. Sec.*, 235 F. App'x 853, 865–66 (3d Cir. 2007). While an outright reversal with an order to award benefits is permissible in the presence of a fully developed record containing substantial evidence that the claimant is disabled, the Court must order a remand whenever the record is incomplete or lacks substantial evidence to justify a conclusive finding at one or more of the five steps in the sequential analysis. *See Podedworny*, 745 F.2d at 221–22.

## II. Background

### A. Procedural History

This case arises out of Plaintiff's November 30, 2012 application for disability insurance benefits and January 13, 2013 application for supplemental security income. R. 1245-1254. Plaintiff's disability insurance benefits claim was denied initially on May 1, 2013. At Plaintiff's request, a hearing was held before Leslie Perry-Dowdell (the "ALJ") on September 4, 2014. R. 1108-1143. Plaintiff, represented by counsel, and a vocational expert testified. R.1108-1143. On November 26, 2014 the ALJ issued a decision denying Plaintiff's claim, finding that she was not disabled because she could perform a limited range of sedentary work existing in significant numbers in the national economy. R. 1093-1102. The Appeals Council denied review on March 4, 2016. R. 1-5. Having exhausted her administrative remedies, Plaintiff then timely filed this action on May 3, 2016. [ECF No.1].

### B. Factual Background

#### 1. Plaintiff's Work History

4

Plaintiff was 43 years old on her alleged disability onset date of December 31, 2011, and thus was a younger individual under the regulatons. R. 1095, 1245. She has a high school education and is able to communicate in English, and has past relevant work as a case aide, nursing assistant, and home attendant. R. 1100, 1288.

### 2. Plaintiff's History of Physical Impairments

Plaintiff has a history of chronic renal insufficiency. R. 1398, 1404, 1453. During the relevant period, her chronic renal insufficiency deteriorated from stage III to stage IV. R. 1410, 1416, 1453, 1819, 1841, 1956, 1987, 1993. She experienced complications including metabolic acidosis and anemia. R. 1410. She also had edema. R. 1410. Blood and urine testing showed abnormal estimated glomerular rate (eGFR) results. R. 1398, 1413, 1819, 1876-77, 1881, 1990, 2000. She also exhibited poor blood urea nitrogen (BUN) levels. R. 1841, 1865, 1990.

## III. The ALJ's Decision

Following a hearing the ALJ issued her decision in which she found that Plaintiff was not disabled. R. 1102. At steps one and two the ALJ ruled in Plaintiff's favor. The ALJ first noted that Plaintiff had not been engaged in any substantial gainful activity since the alleged onset date. R. 1095. At step two, the ALJ found that Plaintiff suffered from the following medically determinable severe impairments: chronic renal insufficiency, hypertension, hyperthyroidism, obesity, gout, degenerative disc disease, and osteoarthritis. R. 1095.

At step three of the sequential analysis, however, the ALJ found that Plaintiff did not have a medically determinable impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. part 404, Subpart P, Appendix 1. R. 1096. Specifically, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with the following restrictions to further account for Plaintiff's physical

5

functional limitations: standing and/or walking two hours in an eight-hour workday; sitting six hours in an eight-hour workday, with the opportunity to alternate between sitting and standing positions every thirty minutes; and avoiding concentrated exposure to extreme heat and vibrations. R. 1096. The ALJ found she can frequently balance, stoop, crouch, and climb ramps and stairs; she can occasionally kneel and crawl. R. 1096.

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work . R. 1100. At step five, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy. R. 1101. Specifically, the VE testified that there would be hundreds of thousands of jobs that someone with this RFC could perform on a fulltime basis. Hence, the ALJ concluded that Plaintiff did not meet the strict standard for disability under the Act. R. 1102.

Subsequent to this adjudication Ms. Harbor filed a new disability claim which was granted by the Social Security by Notice of Award dated May 22, 2016. [ECF No. 12 at 4].

**IV. Discussion**

First, Plaintiff argues that the ALJ's decision(s) at step three was in error because the ALJ applied the wrong Listing, 6.02, rather than Listing 6.05. We hold otherwise.

On October 10, 2014, the Social Security Administration published its final rules revising the criteria in the Listings used to evaluate genitourinary disorders. Revised Medical Criteria of Evaluating Genitourinary Disorders, 79 Fed. Reg. 61221-01, 2014 WL 5036039 (Oct. 10, 2014). These final rules changed the Listing criteria for chronic renal disease with impairment of renal function by eliminating Listing 6.02 and replacing it with Listing 6.05, which incorporated updated medical criteria. *Id*. The Notice of Final Rule published in the Federal Register explicitly states that the revised rules become effective on December 9, 2014. *Id*. at *61221. Listing 6.02,

6

not Listing 6.05, was in effect and thus applicable at the time the ALJ issued her decision on November 26, 2014. R. 1093-1102.[1]

Next, the ALJ having applied the correct Listing, we find that Plaintiff has not shown she was presumptively disabled due to her chronic renal insufficiency under Listing 6.02.[2] Plaintiff has conceded this. [ECF No. 12 at 6] ("if Listing 6.02 still existed, the ALJ's finding that the Listings are not met at Step 3 would be correct"). Even so, we find that Plaintiff did not satisfy all the criteria of Listing 6.02. It requires impairment of renal function, due to any chronic renal disease that has lasted or can be expected to last for a continuous period of at least 12 months, with

> A. Chronic hemodialysis or peritoneal dialysis (see 6.00 E1); OR
>
> B. Kidney transplantation. Consider under a disability for 12 months following surgery; thereafter, evaluate the residual impairment (see 6.00 E2); OR
>
> C. Persistent elevation of serum creatinine to 4 mg per deciliter (dL) (100 ml) or greater or reduction of creatinine clearance to 20 ml per minute or less, over at least 3 months, with one of the following:
>
>> 1. Renal osteodystrophy (see 6.00 E3) manifested by severe bone pain and appropriate medically acceptable imaging demonstrating abnormalities such as osteitis fibrosa, significant osteoporosis, osteomalacia, or pathologic fractures; or
>>
>> 2. Persistent motor or sensory neuropathy (see 6.00 E4); or
>>
>> 3. Persistent fluid overload syndrome with:
>>     a. Diastolic hypertension greater than or equal to diastolic blood pressure of 110 mm Hg; or
>>     b. Persistent signs of vascular congestion despite prescribed therapy (see 6.00 B5); or

---

[1] The Commissioner's Brief in Support of her Motion for Summary Judgment aptly notes that the ALJ properly applied Listing 6.02 because it remained in effect at the time she issued her decision. [ECF No. 14 at 5]. Plaintiff did not respond to this argument and failed to file a reply brief despite our Order dated July 8, 2016 [ECF No. 8] permitting (albeit not requiring) a reply to be filed on or before September 22, 2016.
[2] Plaintiff does not challenge the ALJ's finding that she did not satisfy the requirements of Listings 1.02 or 1.03 (osteoarthritis and degenerative disc disease), 9.00 (hypothyroidism), or 14.09 (gout).

7

> 4. Persistent anorexia with weight loss determined by body mass index (BMI) of less than 18.0, calculated on at least two evaluations at least 30 days apart within a consecutive 6-month period (see 5.00G2).

20 C.F.R. pt. 404, subpt. P, app. 1, § 6.02. Plaintiff was not then on dialysis, had not undergone a kidney transplant, and did not have blood levels as required by the Listing. R. 1096, 1410, 1416, 1453, 1819, 1841, 1865, 1956, 1987, 1990, 1997. The ALJ's decision being supported by substantial evidence, the ALJ did not err.

## V. CONCLUSION

Because the Court finds that the ALJ's decision is supported by substantial evidence, the Commissioner's disability determination is AFFIRMED. An appropriate order will follow.


Dated: September 23, 2016                /s/ Robert C. Mitchell
                                         Robert C. Mitchell
                                         United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURELL HARBOUR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. 16-546 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

AND NOW, to-wit, this 23rd day of September, 2016, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Summary Judgment [ECF No. 11] is DENIED and Defendant's Motion for Summary Judgment [ECF No 13] is GRANTED. The Decision of the Commissioner is AFFIRMED.

/s/ Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge